United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

P&M VENTURES INC. ET AL.,

    Plaintiffs,

    v.

THE NETHERLANDS INS. CO.,

    Defendant.

No. C 12-03859 CRB

**ORDER GRANTING MOTION TO DISMISS**

    This is an insurance coverage case in which Plaintiffs, P&M Ventures Inc. and its principal, Prem Chaundhri, sued their insurer, Defendant Netherlands Insurance Company, based on its actions in connection with an underlying lawsuit. See generally Compl. (dkt. 14-1). Defendant moves to dismiss only the Unfair Competition Law ("UCL") claim. See MTD (dkt. 13). As explained below, the Court GRANTS the Motion.

**I.   BACKGROUND**

    Plaintiff P&M Ventures does business as the Days Inn, and Plaintiff Prem Chaudhri is its principal. Compl. ¶¶ 2-3. Defendant issued a commercial liability policy to Plaintiffs ("the policy"). Id. ¶ 8. On August 5, 2011, an ex-employee of Plaintiffs' filed a complaint against Plaintiffs and others, alleging causes of action for (1) sexual harassment; (2) failure to take reasonable steps to prevent harassment and retaliation; (3) retaliation; (4) wrongful termination in violation of public policy; (5) intentional infliction of emotional distress; (6)

1 assault; (7) battery; (8) negligent hiring, supervision and retention; (9) premises liability; and
2 (10) negligence. Id. ¶¶ 11-12. The complaint alleges that another P&M employee, not a
3 party in the instant case, harassed the plaintiff and was a convicted sex offender. Id. ¶ 13.

4      On August 28, 2011, Plaintiffs tendered defense for the underlying action to
5 Defendant pursuant to the policy. Id. ¶ 14. Defendant on September 28, 2011 denied
6 coverage of the claim in its entirety, concluding that the complaint did not state a claim for
7 bodily injury. Id. ¶ 15. Shortly thereafter, Plaintiffs hired the Law Offices of B. Palmer
8 Riedel (their counsel in this case) to help obtain coverage under the policy. Id. ¶ 18. In
9 response to a letter from Plaintiffs' counsel, Defendant on February 1, 2012 sent a letter to
10 Plaintiffs acknowledging its duty to provide a defense for covered allegations and causes of
11 action (the negligence based claims), but withheld coverage for non-covered allegations and
12 causes of action (the claims based on intentional acts). Id. ¶ 19. Defendant also appointed an
13 attorney to defend Plaintiffs in the underlying action. Id. Defendant's letter explicitly stated:
14 "If our investigation, the discovery conducted in defense of the insured, or information
15 obtained from any source whatsoever reveals that there is no coverage and no potential for
16 coverage under the Policy, [Defendant] will deny coverage in whole and withdraw from the
17 defense." Id. ¶ 20.

18      Plaintiffs are concerned that their appointed counsel, out of loyalty to Defendant, will
19 develop the case "in a manner that emphasizes the intentional acts of the Plaintiffs and
20 minimizes the negligent acts of the Plaintiffs" in order to allow Defendant to deny coverage.
21 Id. ¶¶ 22-23.

22      Plaintiffs brought suit in state court on July 2, 2012. See generally Compl. Plaintiffs
23 allege that Defendant failed to conduct a prompt, full, impartial and complete investigation of
24 the claims in the underlying complaint, to fairly and impartially apply the law and facts to the
25 policy and provide coverage, to provide independent, impartial and unbiased defense against
26 the underlying claims, to indemnify them from the underlying claims, to fairly and
27 impartially research the law, and to promptly respond to communication about the underlying
28 claims. Id. ¶ 25. Their complaint brings causes of action for (1) breach of contract; (2)

breach of the covenant of good faith and fair dealing; (3) negligence; and (4) violation of the UCL. Id. Defendant removed the case on July 24, 2012. See Notice of Removal (dkt. 1). After the case was reassigned to this Court, Plaintiffs filed an application for a temporary restraining order on August 6, 2012, seeking the appointment of Cumis counsel. See App. for TRO (dkt. 16). The Court denied that application, finding that Plaintiffs had made an inadequate showing of irreparable injury. See Order denying TRO (dkt. 19).

Defendant now moves to dismiss only the UCL cause of action. See generally MTD.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-2000 (9th Cir. 2003). Under FRCP 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 555 (2007)).

## III.  DISCUSSION

Plaintiffs' UCL claim alleges that Plaintiffs have engaged in and continue to engage in the "unlawful claims practices alleged above." Compl. ¶ 47. It further alleges that Plaintiffs "have been denied adequate defense and coverage," and that the denial of their right for appointment of independent, impartial and unbiased Cumis counsel is causing, and continues to cause, them damages in an amount beyond the statutory amount." Id. ¶ 49. Finally, it alleges that "appointment of independent, impartial and unbiased Cumis counsel is necessary," and so seeks "injunctive relief for appointment of Law Offices of B. Palmer Riedel, WC INC., the Plaintiffs' choice for Cumis counsel." Id. The remedies Plaintiffs seek for the UCL claim are: (1) a permanent injunction enjoining Defendants from engaging in each of the unlawful acts set forth in the Complaint; (2) appointment of Cumis counsel; (3) attorneys' fees for bringing the injunctive relief claim; (4) "an award of restitution to

3

Plaintiffs who were injured as a result of" Defendant's acts; (5) costs of suit; and (6) any other relief the Court deems proper and fair. See Compl. at 15.

Defendant moves to dismiss the UCL cause of action, arguing that Plaintiffs' desired remedies of injunctive relief and restitution are improper. See MTD at 2-3.

**A. Injunctive Relief**

Defendant first moves to dismiss based on Plaintiffs' request for injunctive relief, arguing that injunctive relief has no proper application to Civil Code § 2860 (the statute that codified the Cumis decision),[1] that the requested injunctive relief is in fact a back-door way of seeking compensatory damages,[2] and that injunctive relief is inappropriate because "a remedy at law clearly exists for any failure to pay independent counsel, and that is a judgment to pay pursuant to a tort of contract action." See MTD at 5-6. The Court need not reach Defendant's first two arguments, because the third is correct. There is no irreparable harm in the failure to appoint Cumis counsel. When an insurer wrongfully fails to pay for Cumis counsel, a remedy at law exists: compensatory damages. See, e.g., Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal. App. 4th 1372, 1396 (1993) (insured entitled to judgment in the sum of independent counsel's total bill).

Plaintiffs respond that "[a] money judgment is not an adequate remedy here, since it would not provide Plaintiffs with the immediate defense by independent counsel that is due to them under their insurance policy, and the 'security' and 'peace of mind' attendant therewith." See Opp'n (dkt. 18) at 8-9. But Plaintiffs are distinguishable from the plaintiffs in Yue v. Conseco Life Ins. Co., -- F.R.D. -- , 2012 WL 1101275, at *15 (C.D. Cal. April 2, 2012), who faced "large, unanticipated increases in charges," and whose peace of mind the Central District therefore held was irreparably lost. The issue in Yue was that policy members were facing policy increases that could potentially force them to surrender their life

---

[1] This argument is that "section 2860 permits the insured to choose qualified independent counsel and obligates the insurer to pay sch counsel" but does not require the insurer to appoint such counsel. See id. at 5.

[2] Compensatory damages are not permitted under the UCL. See Clark v. Superior Court, 50 Cal. 4th 605, 610 (2010).

4

1 insurance policies before the premium increase was adjudicated. Id. ("If a policyholder
2 surrenders her account while this case is pending, she may never be made whole, even if
3 Plaintiff is ultimately successful in this case."). Here, Plaintiffs are not in danger of losing
4 their policies; indeed, Defendant is currently representing them in the underlying action.
5 See Compl. ¶ 19. The only harm they face, then, is inadequate representation by the counsel
6 appointed by Defendant, and that harm is still speculative. Because they do not face
7 irreparable injury in being represented by Defendant's chosen counsel, an injunction
8 appointing Cumis counsel is improper.[3]

9 Plaintiffs argue, though, that their UCL claim also seeks an injunction "enjoining
10 Defendants . . . from engaging in each of the unlawful practices" listed in the Complaint,
11 which are not limited to the failure to appoint Cumis counsel. See Opp'n at 5-6. That
12 requested remedy could properly be premised on the Complaint's breach of contract claim.
13 See State Farm Fire & Sasualty Co. v. Superior Court, 45 Cal. App. 4th 1093, 1098 (Cal. Ct.
14 App. 1996). Nonetheless, Plaintiffs fail to allege any injury in connection with their claims
15 for enjoining other allegedly unlawful conduct. Accordingly, an injunction from engaging in
16 other unlawful practices is also improper.

17 Accordingly, the Complaint's request for an injunction appointing Cumis counsel and
18 its request for an injunction against Defendant's other alleged bad acts both fail.

19 **B. Restitution**

20 Defendant next moves to dismiss based on Plaintiffs' request for restitution, arguing
21 that "Plaintiffs' UCL claim does not contain any allegation that [Defendant] has taken or
22 retained any funds belonging to plaintiffs. To the extent plaintiffs paid independent counsel
23 or any other attorneys, those sums were not paid to Netherlands but were paid to a third party
24 or parties who were plaintiffs' attorneys." MTD at 7. Restitution under the UCL "requires
25 both that money or property have been lost by a plaintiff, on the one hand, and that it have

---

[3] Moreover, as the Court explained at the motion hearing, Plaintiffs are free to hire independent counsel, send Defendant the bill, and see whether Defendant pays.

5

been acquired by a defendant, on the other." Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 336 (2011). That has not happened here.

Plaintiffs argue, though, that Defendant defines restitution too narrowly: "as explained by the California Supreme Court, '[t]he concept of restoration or restitution, as used in [§ 17203], is not limited only to the return of money or property that was once in the possession of that person. Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest.'" Opp'n at 9-10 (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149 (Cal. 2003)). Plaintiffs argue conclusorily that they have "a vested interest in the policy benefits due them, including . . . the appointment of independent counsel." Id. at 10. But they do not cite any authority supporting their contention that "the appointment of independent counsel" constitutes a vested policy interest.

Plaintiffs do cite to Cecena v. Allstate Ins. Co., No. 05-3178, 2007 WL 4259460, at *4 (N.D. Cal. Dec. 3, 2007), where the court denied an insurer's motion to dismiss on the ground that the plaintiffs did not allege that the insurer had taken any money from them; Judge Fogel held that "the . . . benefit available under the [plaintiffs'] insurance policy is money or property in which the [plaintiffs] have a vested interest." Id. at *5. Cecena is distinguishable. There, the benefit at issue was derived from the policy; here, the right to independent counsel (to which this Court has not yet held that Plaintiffs are entitled) is not only not vested, but it is arguably not a policy benefit. To the contrary, the right to independent counsel was judicially created to address an attorney's ethical and professional obligations to his or her client. See Golden Eagle, 20 Cal. App. 4th at 1394 ("the Cumis rule is not based on insurance law but on the ethical duty of an attorney to avoid representing conflicting interests").

Plaintiffs are not entitled to restitution in the traditional sense (they do not allege that Defendant acquired any of their money or property) or in the Korea Supply sense (the right to independent counsel is not a vested policy interest). Accordingly, the Court finds that Plaintiffs' request for restitution is improper.

6

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss the UCL claim, as the remedies sought are therefor are improper.

**IT IS SO ORDERED.**

Dated: September 14, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE